**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION FOR** |
| | ) | **RECONSIDERATION OF ORDER** |
| vs. | ) | **DETENTION AND SETTING CONDITIONS** |
| | ) | **OF RELEASE** |
| Chance Lee Lone Bear, | ) | |
| | ) | Case Nos. 1:23-cr-038 and 1:24-cr-027 |
| Defendant. | ) | |

Defendant is charged with violating his conditions of supervised release in Case No. 1:23-cr-038. In Case No. 1:24-cr-027, Defendant is charged with a separate offense. The court previously issued orders detaining Defendant pending final resolution of both cases.

On May 1, 2024, Defendant filed Motions for Reconsideration of Orders of Detention. Advising that he had secured a placement inpatient treatment program at the Riverwalk Recovery Center ("Riverwalk") in Tennessee and that the Good Road Recovery Center would arrange for his transport, he requested to be released so that he can travel to Riverwalk and commence treatment. Noting there was no objection from the United States, the court issued orders advising that it would defer ruling on Defendant's motions pending receipt and review of his travel itinerary.

On May 8, 2024, Defendant filed Amended Motions for Reconsideration of Order of Detention. Therein he advised that the Good Road Recovery Center had purchased him a ticket on a flight scheduled to depart from Minot, North Dakota, on May 9, 2024, at 1:00 PM and arrive in Knoxville, Tennessee that same day at 10:11 PM. He further advised that a Good Road Recovery Center representative will accompany him on his trip.

Finding Defendant's travel itinerary, the court **GRANTS** Defendants' motions. (Case No.

1:23-cr-038 at Doc. Nos. 42 and 44; Case No. 1:24-cr-027 at Doc. Nos. 23 and 26).  Defendant shall

be released to a Good Road Recovery Center representative at 10:00 AM on May 9, 2024.

Defendant shall travel to Tennessee in accordance with his itinerary and with the understanding that

he will be accompanied by the Good Road Recovery representative. Defendant remains subject to

and shall comply with all of the conditions of supervised release previously imposed by the court

in Case No. 1:23-cr-038.  Defendant shall also comply with the following additional conditions:

(1)     Upon his arrival in Tennessee Defendant shall immediately report to Riverwalk.

(2)     Defendant shall reside at Riverwalk, participate in treatment program, and abide by its rules and regulations.

(3)     Defendant must sign all release forms to allow the Probation and Pretrial Services Officers to obtain information from Riverwalk OR to communicate with Riverwalk staff about Defendant's progress in treatment.

Defendant is restricted to Riverwalk except for medical necessities, court appearances or other activities specifically approved the Probation office.   Any passes allowed by Riverwalk must be approved by the Probation and Pretrial Services Officer.

If for any reason Defendant is terminated from the treatment program, Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Probation and Pretrial Services Officer of Defendant's anticipated completion date so the Court may schedule a hearing to review Defendant's release status.

If Defendant is unable to travel to Riverwood as anticipated on May 9, 2024, he shall remain in custody pending further order.

      **IT IS SO ORDERED.**

      Dated this 9th day of May, 2024.

                                */s/ Clare R. Hochhalter*
                                Clare R. Hochhalter, Magistrate Judge
                                United States District Court